*1009 OPINION.
Van Fossan:
The primary question for our consideration is whether or not the petitioner should be classified as a personal service corporation under section 200 o.f the Revenue Act of 1918.
The three essential requirements of that Act entitling the petitioner to denomination as a personal service corporation are (1) its income must be ascribed primarily to the activities of the principal owners or stockholders; (2) such principal owners or stockholders must be regularly engaged in the active conduct of the affairs of the corporation; and (3) capital (whether invested or borrowed) must not be a material income-producing factor. All three elements must concur and the burden is upon the petitioner to show that it meets clearly all the requirements of the statute. William Morris Enterprises, Inc., 1 B. T. A. 946; Continental Accounting & Audit Co., 7 B. T. A. 330; and Denver Live Stock Commission Co., 7 B. T. A. 985.
The record discloses that Arthur J. Luchs owned 97 per cent of petitioner’s stock and devoted all of his time to the corporate business. Petitioner thus meets the second of the above-named qualifications.
It also appears, however, that the school was built almost entirely around the name of Will PI. Chandlee, an experienced artist, illustrator, and instructor. Although he was not a stockholder in the corporation, in petitioner’s catalogue, in its advertising, and in its course of instruction Chandlee was featured to the exclusion of any one else. Pie prepared and sponsored the course of instruction and was represented as personally supervising all art instruction. Not only was Chandlee put forward as the chief asset of the school, but *1010 in fact be personally corrected all lessons .from 3 to 32. Letters from former students expressing appreciation for instruction received and addressed to Chandlee personally were published in petitioner’s magazine advertising. The apparent design was to create the impression that the Washington School of Art and Chandlee were one.
In such a situation, although the principal stockholder, Luchs, may have been in charge of administration, and planned and organized the capitalization of Chandlee’s name and reputation, facts not all definitely appearing in the record but assumed therefrom, we are unable to say that petitioner’s income was primarily ascribable to the activity of Luchs. Rather we are persuaded it was primarily attributable to the name and activity of Chandlee. We thus con-' elude that petitioner has failed to prove that its income was primarily to be ascribable to the activities of the principal owner or stockholder.
Though the conclusion we have indicated above renders further consideration of the personal service question unnecessary, it is noted that petitioner employed a relatively large force of clerks, sold a considerable quantity of materials and supplies to students, and spent large sums for advertising. In the record no segregation of the amounts of income attributable to these sources is attempted.
As to petitioner’s alternative proposals for special assessment the record fails to disclose any such abnormal conditions as would entitle petitioner to this relief.

Judgment will be entered for the respondent.